# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **HEATHER RODGERS** | : | Case No. 1:19CV00355 |
| 5851 West Fountain Circle | : | |
| Mason, OH 45040 | : | Judge |
| | : | |
| vs. | : | |
| | : | |
| **SCHULTE HOSPITALITY GROUP** | : | |
| 2000 High Wickham Place #300 | : | |
| Louisville, KY 40245 | : | |

## COMPLAINT AND JURY DEMAND

Plaintiff Heather Rodgers, for her Complaint against Defendant Schulte Hospitality Group, states as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action arising out of Plaintiff Heather Rodgers's employment with Schulte Hospitality Group ("Schulte"). Ms. Rodgers alleges that she was discriminated against and terminated in retaliation for complaints she made regarding race discrimination in the workplace.

2. Ms. Rodgers's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1981, and the Ohio Civil Rights Act.

3. Ms. Rodgers seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both her economic and non-economic injuries. She also seeks liquidated and/or punitive damages, equitable relief in the form of reinstatement or front pay, and her reasonable attorney fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by Title VII and 42 U.S.C. 1981. This Court may assume supplemental jurisdiction over Ms. Rodgers's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as her federal claims.

5.  Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio.

## III. PARTIES

6.  Plaintiff Heather Rodgers is a United States citizen and a resident of Warren County, Ohio. Ms. Rodgers worked remotely for Schulte out of her home.

7.  Defendant Schulte is a for-profit hospitality company that is headquartered in Louisville, Kentucky. Schulte is an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964.

## IV. ADMINISTRATIVE HISTORY

8.  On May 1, 2018, Ms. Rodgers filed an administrative charge of discrimination against Schulte with the Equal Employment Opportunity Commission ("EEOC") (473-2018-01083). She alleged that Schulte discriminated against her on the basis of her race, paid her less than her white coworkers, and did not promote her to positions she was qualified for because of her race.

9.  On June 12, 2018, Ms. Rodgers filed a supplemental charge of retaliation against Schulte with the EEOC (560-2018-02139). In the supplemental charge, she alleged that Schulte was retaliating against her for filing her first charge of discrimination.

10. On August 27, 2018, Ms. Rodgers filed a second supplemental charge of retaliation against Schulte with the EEOC (560-2018-02718). In the second supplemental charge, she alleged that Schulte had terminated her in retaliation for filing the previous two charges of race discrimination.

11. On April 8, 2019, Ms. Rodgers received three Notices of Right to Sue from the EEOC. She has filed this Complaint within the statute's 90-day provision.

## V. STATEMENT OF THE CASE

12. Schulte hired Ms. Rodgers in or about July 2015 as a Corporate Task Force Director of Sales ("CTFDS"). During her employment, she received positive performance reviews.

13. Approximately one year after her employment began, Ms. Rodgers began pursuing opportunities for promotions. She was repeatedly passed over by less-qualified individuals.

14. In December of 2017, with almost two years of experience as a CTFDS, Ms. Rodgers again pursued promotional opportunities. This time, she was told by her supervisor, Jason Peoples, that she was not ready and not qualified for a Regional Director position, the next step up for a CTFDS. Upon information and belief, between seven and ten Regional Director positions came open since Ms. Rodgers began working at Schulte. Ms. Rodgers was not considered for any of the positions, and they were filled by white individuals. Ms. Rodgers is as qualified or more qualified than many of the white persons hired for those open positions.

15. In or about April 2018, Ms. Rodgers learned that she was earning significantly less than similarly-situated white employees in the same or similar positions. More specifically, Schulte was paying Ms. Rodgers up to $10,000 less than white employees who held the position of CTFDS, some of whom Ms. Rodgers had trained.

3

16. On the basis of this knowledge, Ms. Rodgers complained to her supervisor, Jason Peoples, that her pay was substantially lower than her coworkers because of her race. She also contacted Melissa Riddle, an employee in Schulte's human resources department, and complained that she was being paid less than her coworkers and was being passed over for promotions because of her race. Schulte denied that her race was a factor in either decision.

17. Because of Schulte's inaction, Ms. Rodgers filed a charge of race discrimination with the EEOC on May 1, 2018. She alleged that she was paid less than her white coworkers and had been passed over on promotions because of her race.

18. Schulte began retaliating against Ms. Rodgers shortly after she filed her charge of discrimination with the EEOC. Mr. Peoples falsely accused Ms. Rodgers of misconduct that occurred several months prior to filing her charge but was never raised with her until after her charge had been filed. When Ms. Rodgers asked for the identity of the individual who accused her of the misconduct and the specifics of the allegations, Mr. Peoples refused to provide them to her.

19. Furthermore, Mr. Peoples altered the terms and conditions of her employment, specifically the travel policies, such that she was no longer given time off to compensate for extensive time spent traveling. Ms. Rodgers was afforded such time off before filing her charge.

20. Subsequently, Ms. Rodgers filed a supplemental charge of discrimination and retaliation with the EEOC against Schulte on June 12, 2018, alleging that she was being retaliated against for filing her first charge of discrimination.

21. On June 20, 2018, Mr. Peoples put Ms. Rodgers on a performance improvement plan ("PIP"). He further informed Ms. Rodgers that any further negative feedback would result in termination.

22. On August 6, 2018, Schulte terminated Ms. Rodgers. The company claimed that her termination was based on her failure to adhere to the expectations set forth in her PIP. Ms. Rodgers denied that she failed to adhere to the retaliatory PIP.

23. The acts and/or omissions of Schulte were taken intentionally, maliciously, and purposefully, with a conscious disregard for Ms. Rodgers's rights under federal and state civil rights laws.

24. As a direct and proximate result of Defendant's actions, Ms. Rodgers has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to her professional reputation.

## VI. STATEMENT OF THE CLAIMS

### Count 1: Race Discrimination
### (42 U.S.C. § 2000e, 42 U.S.C. § 1981, and Ohio Rev. Code § 4112.02)

25. Plaintiff incorporates paragraphs 1 through 24 as if fully rewritten herein.

26. Ms. Rodgers is African American.

27. Schulte retaliated against Ms. Rodgers for raising complaints of race discrimination and retaliation.

28. Ms. Rodgers was qualified for the position of CTFDS.

29. Ms. Rodgers was treated less favorably than her white coworkers, including less pay and, ultimately, termination.

30. As a result of Schulte's actions, Ms. Rodgers has suffered damages, including lost wages and emotional distress.

## Count 2: Retaliation
## (42 U.S.C. § 2000e-3, 42 U.S.C. § 1981, and Ohio Rev. Code § 4112)

31.   Plaintiff incorporates paragraphs 1 through 30 as if fully rewritten herein.

32.   Ms. Rodgers engaged in protected activity when she complained of race discrimination and retaliation.

33.   Schulte was aware of Ms. Rodgers's opposition.

34.   Schulte took adverse action against Ms. Rodgers after she complained of race discrimination and retaliation, ignoring her complaints, and subsequently terminating her.

35.   There is a causal connection between Ms. Rodgers's complaints of racial discrimination and retaliation and the adverse action Schulte took against her.

36.   Schulte's stated reasons for terminating Ms. Rodgers are pretext for illegal retaliation.

37.   As a result of Schulte's actions, Ms. Rodgers has suffered damages, including lost wages and emotional distress.

## PRAYER FOR RELIEF

Wherefore, Ms. Rodgers demands judgment against Schulte Hospitality Group as follows:

1.   An award of compensatory damages for all economic damages suffered by Ms. Rodgers in an amount to be determined at trial;

2.   An award of compensatory damages for all non-economic damages suffered by Ms. Rodgers in an amount to be determined at trial;

3. For an order reinstating Ms. Rodgers to her previous position at Schulte, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

4. For an award of punitive damages in an amount to be determined at trial;

5. For an award of Ms. Rodgers's reasonable attorney fees and costs;

6. For an award of any other relief in law or equity to which Ms. Rodgers is entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Daniel J. Treadaway (OH No. 0098000)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
dtreadaway@mezibov.com

*Attorneys for Plaintiff Heather Rodgers*

## JURY DEMAND

Plaintiff Heather Rodgers demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)